DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



FILED
MAR 07 2008
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
AIG EUROPE (NETHERLANDS), N.V.,          :   08 CIV. 2387
                                              08 Civ.
                    Plaintiff,           :

    - against -                          :   COMPLAINT
                                              JUDGE CHIN
UNITED PARCEL SERVICE, INC.,             :

                    Defendant.           :
------------------------------------x

Plaintiff, AIG Europe (Netherlands), N.V. (hereinafter "AIG Europe" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1. All and singular the following premises are true and constitute claims arising under federal law within the meaning of 28 U.S.C. § 1331, and/or under diversity of citizenship under 28 U.S.C. 1332, and/or are supplemental claims to the foregoing claims within the meaning of 28 U.S.C. § 1367.

2. At all material times, Plaintiff AIG Europe, was, and now is, a foreign corporation incorporated in and with a principal place of business in the Netherlands, and was, at all material times, the insurer the shipment which is the subject matter of this action.

3. Defendant United Parcel Services, Inc. is the successor in interest to Menlo

Worldwide Forwarding, Inc. (hereinafter collectively "UPS" or "Defendant") and a corporation incorporated in and organized and existing under and by virtue of the laws of the Georgia with it principal office and place of business located in Atlanta, Georgia and was and now is engaged in business as a carrier of goods.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Defendant does business in New York and is registered to do business in new York, and thus can be found in and resides in this District within the meaning of 28 U.S.C. 1391.

5. Defendant UPS expressly or impliedly assumed the liabilities of Menlo, and/or there was a consolidation and/or *de facto* merger between UPS and Menlo, and/or UPS is a continuation of the business of Menlo. UPS is the successor in interest Menlo, and is liable for the debts, obligations, and torts committed by Menlo.

6. In or about March 2004, a Cardiovascular X-Ray machine, then being in good order and condition (the "Shipment") was delivered to Menlo in New York. Menlo arranged, received and accepted the Shipment. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Menlo further agreed to transport and safely deliver the said Shipment to San Angelo Community Hospital (the "Hospital") in San Angelo, Texas.

7. During the delivery operations in San Angelo, Texas at the Hospital, Menlo, as a result of negligent, grossly negligent, reckless and/or willful misconduct, dropped the Shipment.

8. The Shipment was delivered but not in like good order and condition as when shipped, accepted, and received by Menlo, but on the contrary the shipment was seriously damaged and impaired in value, all in violation of its obligations.

2

9. Plaintiff insured the Shipment and paid certain damages incurred by its assured, due to the Shipment having been damaged. Plaintiff brings this action and Plaintiff is duly entitled to maintain this action.

10. Plaintiff and its assured have performed all conditions on their parts to be performed.

11. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $205,000. Defendant is liable for said damages.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

12. Plaintiff incorporates herein by reference the allegations of paragraphs 1- 11 above.

13. By reason of the foregoing, the Defendant breached its duties under the contract of carriage to safely and carefully unload and deliver the Shipment in Texas.

14. By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $205,000.

## SECOND CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1-14 above.

16. The Defendant was acting as a bailee of the Shipment at the time it was damaged. The Defendant thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when

entrusted to it and to perform its services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

17.  By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $205,000.00.

### THIRD CAUSE OF ACTION

### TORT

18.  Plaintiff incorporates herein by reference the allegations of paragraphs 1- 17 above.

19.  The Defendant, by its negligence, gross negligence, reckless and/or willful misconduct, damaged the Shipment. The Defendant therefore failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

20.  By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $205,000.00.

WHEREOF, Plaintiff prays:

1.  That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

2.  That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3.  That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
      March 7, 2008

    MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200

*Attorneys for Plaintiff AIG Europe*
*(Netherlands), N.V.*

F://WP-Docs/0350.04/030708 Complaint.doc