**DEORCHIS & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700
*Attorneys for Defendant*
UPS SUPPLY CHAIN SOLUTIONS, INC.
f/k/a Menlo Worldwide Forwarding, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | |
|---|---|
| AIG EUROPE (NETHERLANDS), N.V., | ECF CASE |
| Plaintiff, | |
| -against- | 08 Civ. 2387 (DC) |
| UNITED PARCEL SERVICE, INC.; | **ANSWER TO COMPLAINT** |
| Defendant. | |

-------------------------------------------------------------

COMES NOW Defendant UPS Supply Chain Solutions, Inc. f/k/a Menlo Worldwide Forwarding, Inc. ("UPS-SCS"), erroneously sued as United Parcel Service, through their undersigned attorneys, DeOrchis & Partners, LLP, and in response to the complaint of AIG Europe (Netherlands), N.V. ("AIG"), responds and alleges as follows:

1. UPS-SCS admits to the Court's subject matter jurisdiction. Except as expressly admitted, UPS-SCS denies the allegations of paragraph 1 of AIG's complaint.

2. UPS-SCS is without sufficient information or knowledge to form a belief as to the allegations of paragraph 2 of AIG's complaint, and on that basis, denies those allegations in their entirety.

3. UPS-SCS admits the allegations of paragraph 3 of AIG's complaint.

4. UPS-SCS admits the allegations of both paragraphs of AIG's complaint marked as paragraph number 4.

5. UPS-SCS admits the allegations of paragraph 5 of AIG's complaint.

6. UPS-SCS denies the allegations of paragraph 6 of AIG's complaint.

7. UPS-SCS denies the allegations of paragraph 7 of AIG's complaint.

8. UPS-SCS denies the allegations of paragraph 8 of AIG's complaint.

9. UPS-SCS is without sufficient information or knowledge to form a belief as to the allegations of paragraph 9 of AIG's complaint, and on that basis, denies those allegations in their entirety.

10. UPS-SCS is without sufficient information or knowledge to form a belief as to the allegations of paragraph 10 of AIG's complaint, and on that basis, denies those allegations in their entirety.

11. UPS-SCS denies the allegations of paragraph 11 of AIG's complaint.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

12. UPS-SCS incorporates by reference paragraphs 1 through 11, inclusive, of its answer to AIG's complaint.

13. UPS-SCS denies the allegations of paragraph 13 of AIG's complaint.

14. UPS-SCS denies the allegations of paragraph 14 of AIG's complaint.

### SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

15. UPS-SCS incorporates by reference paragraphs 1 through 14, inclusive, of its answer to AIG's complaint.

16. UPS-SCS denies the allegations of paragraph 16 of AIG's complaint.

17. UPS-SCS denies the allegations of paragraph 17 of AIG's complaint.

**THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT**

18. UPS-SCS incorporates by reference paragraphs 1 through 17, inclusive, of its answer to AIG's complaint.

19. UPS-SCS denies the allegations of paragraph 19 of AIG's complaint.

20. UPS-SCS denies the allegations of paragraph 20 of AIG's complaint.

FIRST AFFIRMATIVE DEFENSE

21. The complaint fails to state facts sufficient to constitute a cause of action against UPS.

SECOND AFFIRMATIVE DEFENSE

22. AIG, its subrogors, agents, representatives and/or predecessors-in-interest did not exercise ordinary care, caution or prudence to avoid the alleged loss and the alleged loss, if any, sustained by AIG was proximately caused and contributed by the negligence and fault of the AIG, its subrogors, agents, representatives and/or predecessors-in-interest. Said negligence and fault bars AIG's recovery from UPS or comparatively reduces the percentage of fault, if any, of UPS.

THIRD AFFIRMATIVE DEFENSE

23. UPS is informed and believes and thereon alleges that the alleged loss, if any, was caused by the fault and neglect of third parties for which UPS is not responsible or liable. Said fault and neglect comparatively reduces the percentage of fault, if any, of UPS.

## FOURTH AFFIRMATIVE DEFENSE

24. AIG, its subrogors, agents, representatives and/or predecessors-in-interest failed to mitigate its alleged damages and their recovery herein, if any, should be diminished in a sum equivalent to that portion of their damages that they could have mitigated.

## FIFTH AFFIRMATIVE DEFENSE

25. If any loss or damage did occur to the subject cargo, none of said loss or damage was caused or contributed to by any fault or neglect on the part of UPS, but rather from a cause or causes from which UPS is expressly exempted and/or limited from responsibility under the applicable terms and conditions of the contract(s) relating to the handling and transportation of the subject cargo, including, but not limited to, a contractual limitation of liability. UPS claims the benefit of each and every provision contained in said contract(s) and requests leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

## SIXTH AFFIRMATIVE DEFENSE

26. AIG, its subrogors, agents, representatives and/or predecessors-in-interest failed to meet a

contractual condition precedent by failing to file a timely written notice of claim according to the terms of the applicable transportation contract(s), laws, conventions and/or treaties and are therefore barred from any recovery from UPS.

SEVENTH AFFIRMATIVE DEFENSE

27. AIG is not entitled to recover from UPS because the loss alleged occurred through no fault or negligence of UPS.

EIGHTH AFFIRMATIVE DEFENSE

28. UPS is not liable for special or consequential damages under UPS' terms and conditions of service, special contract, tariff, bill of lading, and/or at common law.

NINTH AFFIRMATIVE DEFENSE

29. AIG is estopped from claiming the damages alleged in the complaint from UPS.

TENTH AFFIRMATIVE DEFENSE

30. AIG has waived all rights, if any, that AIG may have had to seek relief from UPS.

ELEVENTH AFFIRMATIVE DEFENSE

31. UPS alleges that the complaint, and every cause of action alleged therein, is barred under the equitable doctrine of laches.

TWELFTH AFFIRMATIVE DEFENSE

32. AIG lacks standing to pursue UPS because, inter alia, AIG is not the owner of the cargo alleged to have been damaged.

### THIRTEENTH AFFIRMATIVE DEFENSE

33. UPS claims the benefit of any other party's applicable bill(s) of lading, terms and conditions of service, tariffs, or special contract(s), which are incorporated herein as if set forth at length. UPS requests leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

### FOURTEENTH AFFIRMATIVE DEFENSE

34. AIG has released all rights, if any, that AIG may have had to seek relief from UPS.

### FIFTEENTH AFFIRMATIVE DEFENSE

35. UPS alleges that the complaint, and every cause of action alleged therein, is barred under the applicable statute of limitations and/or applicable contractual limitations period.

### SIXTEENTH AFFIRMATIVE DEFENSE

36. UPS cannot be liable to AIG for the loss or damage to the subject cargo because UPS was an agent acting for a disclosed principal.

WHEREFORE, Defendant UPS prays:

a) That the Court adjudge that it has no liability for any loss or damage alleged in the Complaint and that it has and recover from Plaintiff its costs of defense incurred herein;

b) that the Complaint be dismissed;

Dated: New York, New York
June 13, 2008

        DeORCHIS, & PARTNERS, LLP
        Attorneys for Defendants UPS SUPPLY CHAIN
        SOLUTIONS, INC.. f/k/a Menlo Worldwide
        Forwarding, Inc.

        By: /s/ William E. Lakis
            William E. Lakis (WEL-9355)
            61 Broadway, 26th Floor
            New York, New York  10006-2802
            (212) 344-4700
            Our File:  2104-54